# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

BILL LIETZKE,

        Plaintiff(s),

vs.

CITY OF MONTGOMERY, et al.,

        Defendant(s).

Case No. 2:16-cv-02818-RFB-NJK

<u>TRANSFER ORDER</u>

      Pending before the Court is Plaintiff's application to proceed *in forma pauperis* and Plaintiff's proposed complaint. Docket Nos. 1, 1-1. The federal venue statute requires that a civil action be brought in (1) a judicial district in which any defendant resides, if all defendants reside in the same state where the district is located, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) a judicial district in which any defendant is subject to personal jurisdiction at the time the action is commenced, if there is no district in which the action may otherwise be brought. 28 U.S.C. § 1391(b). If a case has been filed in the wrong district, the district court in which the case has been incorrectly filed has the discretion to transfer such case to any district in which it could have been brought. 28 U.S.C. § 1406(a); *see also Parks v. Johnson*, 2016 U.S. Dist. Lexis. 16284, *1 (D. Nev. Feb. 9, 2016).

      In this case, Plaintiff's claims arise out of alleged events taking place in Montgomery, Alabama. *See, e.g.*, Docket No. 1-1 at ¶¶ 2-19. Generally speaking, Plaintiff alleges that he was detained on

several occasions in Montgomery based on reports that he was "running in and out of traffic and/or running in the middle of the lanes." *See id.* at ¶ 4. Plaintiff seeks a billion dollars in damages. *See id.* at ¶ 3. Plaintiff himself lives in Montgomery, Alabama, and brings suit against the city itself and Kevin Murphy. *See id.* at 1. Plaintiff has not alleged that any Defendant resides in this District and has otherwise not alleged any connection of any kind with this District. None of the above venue provisions renders this Court a proper venue in this case.[1]

Based on the foregoing, it is hereby **ORDERED** that the Clerk of Court transfer this matter to the Middle District of Alabama and that this case be closed.[2]

IT IS SO ORDERED.

Dated: December 8, 2016

NANCY J. KOPPE
United States Magistrate Judge

---

[1] Plaintiff has brought the same or substantially similar claims in other federal district courts, which advised him that venue is proper in the Middle District of Alabama. *See, e.g., Lietzke v. City of Montgomery*, 2016 U.S. Dist. Lexis 47795 (D. Neb. Apr. 8, 2016) (noting other similar cases and dismissing case for improper venue). Plaintiff has also filed in numerous district courts complaints asserting allegations that his home was improperly seized and he was involuntarily confined in a psychiatric hospital, which have also resulted in orders advising Plaintiff of the federal venue requirements. *See, e.g.*, *Lietzke v. Cnty. of Montgomery*, 2016 U.S. Dist. Lexis 47796 (D. Neb. Apr. 8, 2016) (noting other similar cases and dismissing case for improper venue).

[2] An order transferring venue does not address the merits of the case and, therefore, is a nondispositive matter that is within the province of a magistrate judge's authority under 28 U.S.C. § 636(b)(1)(A). *See Pavao v. Unifund CCR Partners*, 934 F. Supp. 2d 1238, 1241 (S.D. Cal. 2013) (collecting cases); *see also Ross v. Lane Community College*, 2014 WL 3783942, *4 (D. Nev. July 31, 2014) (holding that a transfer under 28 U.S.C. § 1406(a) is a nondispositive matter).